# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-31083
Summary Calendar

CHANTELL SWIFT,

Plaintiff-Appellant

v.

CHERYL MONTAGNINO, Director of Student Teaching and Field Experience;
MARY LACOSTE, College Coordinator; NANCY KLEPPNER, Cooperating
Teacher at McDonough #15; JAMES MEZA, JR., Dr. Dean College Education;
UNIVERSITY OF NEW ORLEANS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:01-CV-3162

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Chantell Swift moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of "Plaintiff's Motion and Order to Request an Injunction that Ensures Student/Plaintiff obtains Degree at UNO College of Education." The district court denied the motion for an injunction because the underlying dispute was dismissed with prejudice in 2002.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court similarly denied Swift's motion for leave to proceed IFP on appeal because the issue of whether Swift was entitled to receive a university degree was litigated six years ago.

Swift's IFP motion wholly fails to address the district court's reasons for denying IFP status. Although we liberally construe pro se briefs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to discuss the district court's rationale for dismissing her IFP motion, Swift has abandoned the issue, and it is the same as if she had not appealed the judgment. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Swift has failed to demonstrate that she will raise a nonfrivolous issue on appeal. Her lawsuit was dismissed in 2002, a judgment was entered in defendants' favor, and Swift did not appeal that judgment. She cannot now, some seven years later, attempt to re-litigate those issues by bringing a motion for an injunction seeking the very remedy that she was denied in her original lawsuit. Accordingly, her motion to proceed IFP is denied. *See* FED. R. APP. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). This appeal is without merit and is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.